UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAVIER NAVA,

    Plaintiff,

v.                                            Case No. 8:17-cv-2412-T-AEP

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.
_____/

**<u>ORDER</u>**

Plaintiff seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A.**     **Procedural Background**

Plaintiff filed an application for a period of disability and DIB (Tr. 189). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 113-33). Plaintiff then requested an administrative hearing (Tr. 48). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 73-112). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 55-68). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**B.     Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1954, claimed disability beginning May 15, 2013 (Tr. 78, 189). Plaintiff obtained a high school education (Tr. 67). Plaintiff's past relevant work experience included work as a correction officer (Tr. 66). Plaintiff alleged disability due to back condition spinal stenosis and cervical stenosis, arthritis, diabetes, and high blood pressure (Tr. 113).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2018 and had not engaged in substantial gainful activity since May 15, 2013, the alleged onset date (Tr. 60). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: osteoarthritis, degenerative disc disease of the lumbar spine, diabetes mellitus and hypertension (*id.*). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 61). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform a full range of medium work (*id.*). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 66).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined the Plaintiff could perform his past relevant work as a correction officer (Tr. 66). In the alternative, the ALJ noted that there are other jobs existing in the national economy that the Plaintiff is able to perform based on his RFC, the Medical Vocational

2

Guidelines ("Grids"), and the VE's testimony (Tr. 67). Accordingly, based on Plaintiff's age, education, work experience, RFC, the Grids, and the VE's testimony, the ALJ found Plaintiff not disabled (Tr. 68).

**II.**

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age,

education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

The ALJ, in part, decides Plaintiff's claim pursuant to Regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These Regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment, but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the Regulations and are commonly referred to as "the grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. §§ 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given

to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**III.**

Plaintiff argues that the ALJ erred by finding that Plaintiff had the RFC to perform medium work and determining that Plaintiff could perform his past relevant work. For the reasons that follow, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

**A. RFC**

The Plaintiff alleges that the ALJ erred by finding that Plaintiff had the RFC to perform medium work by (1) failing to find Plaintiff's subjective complaints of pain credible and (2) not discussing or considering all medical opinions, specifically, by failing to address whether the Plaintiff could continuously stand or walk for prolonged periods of time.

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545, 416.920(a)(4)(iv), 416.945. To determine a claimant's RFC, an ALJ makes an assessment

based on all of the relevant evidence of record as to what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In rendering the RFC, therefore, the ALJ must consider the medical opinions in conjunction with all of the other evidence of record and will consider all of the medically determinable impairments, including impairments that are not severe, and the total limiting effects of each. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2) & (e), 416.920(e), 416.945(a)(2) & (e); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating that the "ALJ must consider the applicant's medical condition taken as a whole"). In doing so, the ALJ considers evidence such as the claimant's medical history; medical signs and laboratory findings; medical source statements; daily activities; evidence from attempts to work; lay evidence; recorded observations; the location, duration, frequency, and intensity of the claimant's pain or other symptoms; the type, dosage, effectiveness, and side effects of any medication or other treatment the claimant takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms; any measures the claimant uses or has used to relieve pain or symptoms; and any other factors concerning the claimant's functional limitations and restrictions. SSR 96-8p, 1996 WL 374184, at *5; 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 404.1545(a)(3), 416.929(c)(3)(i)-(vii), 416.945(a)(3).

"Ordinarily, RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." Further, "RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." SSR 96-8P, 1996 WL 374184, at *1 (S.S.A. July 2, 1996). According to the ruling, "[i]n assessing RFC, the adjudicator must consider limitations and

restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" *Id.* at *5. Therefore, in denying disability benefits, the evidence must show that the claimant can perform work on a regular and continuing basis.

### a. Subjective Complaints

Plaintiff contends that the ALJ erred by rejecting his subjective complaints regarding medication side effects and pain that impairs his concentration (Tr. 82, 86). As an initial matter, a plaintiff's statements of pain will not alone establish disability. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1529, 416.929. Plaintiff's diagnosis of or a test result reflecting a condition does not equate to an automatic finding of a disability; it is the effect of a condition or a combination of conditions on Plaintiff's ability to work that determines whether Plaintiff is disabled. *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). Moreover, a Plaintiff bears the burden of proving that her conditions limit her ability to work. *See* 20 C.F.R. §§ 404.1512, 416.912.

The Eleventh Circuit has articulated a standard for assessing allegations of pain and other subjective complaints. As the Court of Appeals explained in *Landry v. Heckler*, the pain standard "require[s] evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain [or symptoms] arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain [or symptoms]." 782 F.2d 1551, 1553 (11th Cir. 1986) (per curiam); *see Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam) (holding that the pain standard also applies to complaints of subjective conditions other than pain); *see also* 20 C.F.R. §§ 404.1529(a), 416.929(a) ("[T]here must be medical signs and laboratory findings which show that you have a medical impairment(s) which could

reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence . . . would lead to a conclusion that you are disabled.").

If the ALJ discounts Plaintiff's testimony concerning subjective complaints after finding a medically determinable impairment that could reasonably be expected to produce the claimant's pain or other symptoms, he must "articulate explicit and adequate reasons" for doing so. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (per curiam)). The reasons given for discrediting pain testimony must be based on substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam); *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987). In evaluating credibility, the ALJ must consider objective medical evidence and other evidence such as a claimant's daily activities, the location, duration, frequency, and intensity of a claimant's pain or other symptoms, and precipitating and aggravating factors. 20 C.F.R. §§ 404.1529(c), 416.929(c). In considering a claimant's subjective complaints, the ALJ considers both inconsistencies in the evidence and the extent to which any conflicts exist between the claimant's statements and the rest of the evidence, including the claimant's history, signs and laboratory findings, and statements by treating or nontreating sources or other persons about how the symptoms affect the claimant. 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). Importantly, however, the ALJ's "determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable" a court to conclude that the ALJ considered the plaintiff's medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks and citation omitted); *see Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 740 (11th Cir. 2017) (quoting *Dyer*).

Here, the ALJ properly applied the pain standard and found, after considering the evidence of record as a whole, that although the Plaintiff has some limitations in his ability to

perform work-related activities, the medical evidence of record does not totally preclude him from performing these activities and that the Plaintiff's subjective complaints and alleged limitations are not fully consistent with the evidence (Tr. 61-65). Contrary to Plaintiff's assertions, and as required by the Eleventh Circuit, the ALJ articulated "explicit and adequate reasons" for rejecting Plaintiff's allegations of pain and other symptoms (*id.*). The ALJ considered the Plaintiff's record as a whole, such as objective laboratory, diagnostic and clinical findings of record, medical opinions, Plaintiff's testimony, and his daily activities (*id.*). The Plaintiff complained of lower back pain that varies from 2-8 on a scale from 0-10 and that interferes with his concentration when it reaches a level of 8 (Tr. 81-82). The Plaintiff also complained at the administrative hearing that his neck pain, headaches, and lower back pain make standing and walking difficult, and that the medications he takes cause sleepiness (Tr. 84-91).

However, the ALJ articulated numerous "explicit and adequate reasons" for rejecting Plaintiff's allegations of pain and other symptoms by highlighting the inconsistencies of the Plaintiff's complaints or lack of support within the record. For instance, the ALJ highlighted in his opinion that Plaintiff's treating doctor, Dr. Randell Sehres, noted in his June 2013 report that Plaintiff failed to complain about medication side effects, responded well to the treatment, and was compliant (Tr. 398-400). The same report from Dr. Sehres reflects that the Plaintiff only complained of low back pain that was usually temporary and that physical therapy helped (*id.*). Further, Dr. Sehres' reports from May 2014 and August 2014 show that the Plaintiff was still fully compliant and that he had failed to complain about medication side effects (Tr. 378-391). A lack of complaints about medication side effects to examining or treating doctors supports an ALJ's determination that side effects from medication did not present a significant problem. *Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990).

Though Dr. Sehres noted that standing for prolonged periods causes pain to the Plaintiff, the x-ray reports do not support that opinion: "x-rays of the cervical spine showed degenerative changes with moderate intervertebral disc space narrowing at C5-C6m no subluxation and no paravertebral soft tissue swelling" and the "x-rays of the lumbar spine showed scoliosis of the lumbar spine with a mild to moderate curvature to the left and degenerative changes were also present with minimal to mild intervertebral disc space narrowing at Le-4, no spondylolisthesis" (Tr. 383-88). Also, though the Plaintiff testified that both his hands are arthritic and have little strength in them (Tr. 83), Dr. Sehres found that Plaintiff's grip strength and lower extremity strength are at 4/5 and that he is capable of performing fine/gross manipulations on a sustained basis (*id.*). The "x-rays of the left hand and right hand were essentially within normal limits, no evidence of acute fractures or subluxation and no evidence of joint effusion of soft tissue abnormality" (*id.*). Importantly, Dr. Sehres did not report that the Plaintiff's reported pain limited him from performing work-related activities (Tr. 378-400).

Dr. German Marulanda's reports from August 2014 to September 2015 note that the Plaintiff reported doing great after the injections administered, was able to perform most of his normal activities with mild limitations, and was very happy with the injections (Tr. 415-493). Further, Dr. Marulanda's report reflects that he found the Plaintiff to be a very active 61-year old who runs his own salsa business and reported significant improvement in his symptoms (*id.*). Also, in August 2014, Dr. Bhupendra Gupta's diagnostic reports showed no substantial concerns: "lumbar spine pain with no neurological deficit; bilateral knee pain through range of motion was normal; bilateral hand pain through range of motion was normal; hypertension without complications and non-insulin diabetes without complications" (Tr. 364-373). Accordingly, the record, when viewed in its entirety, undermines Plaintiff's allegations of disabling limitations and severity of the complaints regarding the side effects and pain

experienced.[1] Thus, the ALJ applied the proper legal standards and his opinion is supported by substantial evidence, as the ALJ articulated explicit and adequate reasons for doubting the credibility of Plaintiff's subjective complaints.

### b. Medical Opinions

Plaintiff argues that the ALJ erred by not addressing the medical opinion of the Plaintiff's treating physician, Dr. Sehres; specifically, that the ALJ erred by not addressing the opinion that standing for prolonged periods of time caused the Plaintiff pain (Tr. 384). Further, Plaintiff contends that the state agency medical consultant did not address how the pain and medication side effects would impair his concentration, nor how long the Plaintiff could stand or walk at one time. When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citation omitted). The Social Security regulations provide guidelines for the ALJ to employ when evaluating medical opinion evidence. *See* 20 C.F.R. §§ 404.1527, 416.927. In determining the weight to afford a medical sopinion, the ALJ considers a variety of factors including but not limited to the examining relationship, the treatment relationship, whether an opinion is well-supported, whether an opinion is consistent with the record as a whole, and the area of the doctor's specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c). For instance, the more a medical source presents evidence to support an opinion, such as medical signs and laboratory findings, the more weight that medical opinion will receive. 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). Further, the more

---

[1] When the majority of the evidence in the record indicative of a plaintiff's medication side effects is only through their testimony at the administrative hearing, a relative's testimony at the hearing, or through information provided by them on a few medical questionnaires, an ALJ may find that the Plaintiff's complaints lack credibility in light of the whole record. *See, e.g.*, *Wilson v. Astrue*, 653 F. Supp. 2d 1282 (M.D. Fla. 2009); *Rodriguez v. Astrue*, Case No. 8:08-cv-1855-T-AEP (M.D. Fla. 2010).

consistent the medical opinion is with the record as a whole, the more weight that opinion will receive. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). Typically, the ALJ must afford the testimony of a treating physician substantial or considerable weight unless "good cause" is shown to the contrary. Such a preference is given to treating sources because such sources are likely to be best situated to provide a detailed and longitudinal picture of the medical impairments. *Lewis*, 125 F.3d at 1440. Furthermore, the ALJ must specify the weight given to the treating physician's opinion or reasons for giving the opinion no weight, and the failure to do so is reversible error. *MacGregor*, 786 F.2d at 1053. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (*per curiam*) (citation omitted). Good cause exists where: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). In fact, the ALJ may reject any opinion when the evidence supports a contrary conclusion. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*).

State agency medical consultants are considered experts in the Social Security disability evaluation process. 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i). The weight given to the opinion of a state agency medical consultant depends on whether the opinion is supported by and consistent with the record as a whole. SSR 96-6p. In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources. SSR 96-6p, 1996 WL 374180, at *2-3 (S.S.A. July 2, 1996). Even if the state agency medical consultant cannot review all of the claimant's medical records before rendering an opinion or offering an RFC assessment, the ALJ has access to the entire record, including the claimant's testimony, and can determine whether the opinion is supported by and consistent

with the evidence of record and thus whether to afford the opinion great weight. *See Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 807 (11th Cir. 2013) (finding that an ALJ did not afford undue weight to a non-examining doctor where the doctor cited several portions of the record in support of her conclusions, and the ALJ, who makes the ultimate determination, had access to the entire record, including the claimant's testimony).

Statements by a medical source that a claimant is "disabled" or "unable to work" constitute opinions on issues reserved to the Commissioner and do not direct that a finding of disabled is warranted. 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1); *see Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877-78 (11th Cir. 2013) (stating that it is the Commissioner, not a claimant's physician, who determines whether a claimant is statutorily disabled, and a statement by a medical source that a claimant is disabled does not mean that the Commissioner will conclude a claimant is disabled). The Commissioner need not afford any special significance to the source of such an opinion because the determination of disability and ability to work remain issues reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3).

### 1. Dr. Randell Sehres

Plaintiff contends that the ALJ did not address the opinion of Dr. Sehres that standing for prolonged periods of time causes the Plaintiff pain. The ALJ stated that he gave considerable weight to the opinion of Dr. Sehres (Tr. 65). However, the Eleventh Circuit has held that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision," so long as the ALJ's decision allows the conclusion that the ALJ considered the claimant's medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam). The ALJ considered the Plaintiff's medical condition as a whole as he thoroughly reviewed the Plaintiff's record and Dr. Sehres' reports, as discussed more at length above.

Though Dr. Sehres noted that standing for prolonged periods causes pain to the Plaintiff, the reports from him found that "x-rays of the cervical spine showed degenerative changes with moderate intervertebral disc space narrowing at C5-C6m no subluxation and no paravertebral soft tissue swelling" and that the "x-rays of the lumbar spine showed scoliosis of the lumbar spine with a mild to moderate curvature to the left and degenerative changes were also present with minimal to mild intervertebral disc space narrowing at Le-4, no spondylolisthesis" (Tr. 378-400). Dr. Sehres' exams showed no significant abnormalities, other than occasional tenderness in the Plaintiff's spine and that he was moving a bit slowly (Tr. 379-14, 435-43). Further, another report from Dr. Sehres shows that the Plaintiff only complained of low back pain that was usually temporary and that physical therapy helped (Tr. 398-400). Importantly, the ALJ noted that the record does not contain any opinions from treating/examining doctors, including Dr. Sehres, that the Plaintiff has limitations greater than the RFC. Thus, the ALJ properly considered Dr. Sehres' opinion in light of the whole record and the ALJ's RFC finding is supported by substantial evidence.

### 2. Dr. David Guttman

Plaintiff contends that the state agency medical consultant did not address how the pain and medication side effects would affect his concentration, nor how long the Plaintiff could stand or walk at one time. The ALJ stated that he gave great weight to the opinion of the state agency medical consultant, Dr. David Guttman (Tr. 66). Dr. Guttman found in his report that the Plaintiff had an RFC of medium, no postural, environmental, manipulative, visual, or communicative limitations, and Plaintiff could stand, walk, or sit for a total of six out of eight hours in a working day (Tr. 123-132). Further, the record is devoid of substantial evidence demonstrating consistent complaining of pain or medication side effects to doctors, or their concern with such side effects, as discussed at length above (Tr. 378-400, 435-52, 472-93). In

fact, Dr. Guttman found Plaintiff's complaints about his side effects and pain only partially credible (Tr. 129). Thus, Dr. Guttman did not err in failing to address Plaintiff's contentions and the ALJ's RFC finding is supported by substantial evidence.

### B. Past Relevant Work

At the fourth step of the sequential analysis, the ALJ must also determine whether the Plaintiff has the RFC to perform the requirements of his past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). In determining a claimant's past relevant work experience, the ALJ considers work done within the last 15 years that lasted long enough for the claimant to learn to do it and that qualified as substantial gainful activity. 20 C.F.R. §§ 416.960(b)(1), 416.965(a); SSR 82-62, 1982 WL 31386, at *1. At this step, the ALJ must assess a claimant's RFC and consider the physical and mental demands of a claimant's past relevant work. In that regard, "the ALJ has the duty to fully investigate and make explicit findings as to the physical and mental demands of a claimant's past relevant work and to compare that with what the claimant [himself] is capable of doing before he determines that [he] is able to perform [his] past relevant work." *Nimick v. Sec'y of Health & Human Servs.*, 887 F.2d 864, 866 (8th Cir. 1989) (emphasis omitted); *see also Nelms v. Bowen*, 803 F.2d 1164, 1165 (11th Cir. 1986) *(per curiam)*.

However, at this step, the burden remains with the claimant to prove that he or she cannot perform his or her past work. *Lucas v. Sullivan*, 918 F.2d 1567, 1571 (11th Cir. 1990) (citing *Cannon v. Bowen*, 858 F.2d 1541, 1544 (11th Cir. 1988); *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (*per curiam*)); *see also* Social Security Ruling ("SSR") 82-62, 1982 WL 31386, *3 (S.S.A. 1982) (stating that a claimant is the "primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level[,] exertional demands[,] and nonexertional demands of such work").

*Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986). In considering a claimant's past relevant work, "[t]he regulations require that the claimant not be able to perform his past *kind* of work, not that he merely be unable to perform a specific job he held in the past." *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986) (emphasis in original) (citing 20 C.F.R. §§ 404.1520(e), 416.920(e)). Accordingly, a claimant needs to demonstrate that he or she cannot return to his or her former *type* of work rather than to a specific prior job. *Jackson*, 801 F.2d at 1293 (emphasis in original and citations omitted).

Social Security Ruling 82-62 specifically provides that in finding that a claimant has the capacity to perform a past relevant job, the decision "must contain" a "[f]inding of fact as to the physical and mental demands of the past job/occupation." *Id.*; *see also Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988) (holding that a determination that a claimant could return to his past work was erroneous where the ALJ found the claimant could not perform certain physical activities, but failed to inquire as to whether the past work included those prohibited acts). In determining whether a claimant is able to perform her past relevant work, the ALJ must evaluate the claimant's ability to meet those demands in spite of the claimant's impairments. *Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990); *see also Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (holding that "[w]here there is no evidence of the physical requirements and demands of the claimant's past work and no detailed description of the required duties was solicited or proffered, the Secretary cannot properly determine whether the claimant has the residual functional capacity to perform his past relevant work"). The ALJ can meet this requirement by seeking the opinion of a VE to testify about the demands of certain occupations in relation to the abilities of the claimant. *Savor v. Shalala*, 868 F.Supp. 1363, 1365 (M.D. Fla. 1994).

Here, the ALJ posed a complete hypothetical to the VE by including all the functional limitations consistent with Plaintiff's RFC (Tr. 101-102). The VE identified the position of Correction Officer as the only past relevant work (Tr. 101). The VE testified that, in their opinion, this work "is typically performed at very heavy" and that the Plaintiff himself performed it "at very heavy." (Tr. 101). The VE also testified that, "[m]ost days it could be medium, but any given day very heavy could come into play." (*id.*). However, the VE testified that "[p]ast work can be performed as it's typically defined in The Dictionary of Occupational Titles [but] [p]ast work could not be performed as it was actually performed or how it is generally performed" (Tr. 102). The ALJ found that the Plaintiff is able to perform past relevant work based on the DOT (Tr. 67). The "Social Security Administration requires the ALJs to take administrative notice of the DOT" and is recognized by both the SSA and ALJs as a reliable, authoritative government source. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1364–65 (11th Cir. 2018); 20 C.F.R. § 404.1566. Thus, the ALJ properly relied on the DOT as an authoritative source to determine that the Plaintiff had the RFC to perform past relevant work.

To satisfy their burden, a Plaintiff must show that they cannot perform the past relevant work as they performed it *and* "as it is generally performed in the national economy." *Fries v. Comm'r Soc. Sec.*, 196 F. App'x 827, 831-32 (11th Cir. 2006). The Plaintiff performed his past relevant work at the heavy level, and the VE testified that Plaintiff's past work is generally performed at the heavy level in the national economy, in contrast with the DOT's definition (Tr. 102). However, even if the Plaintiff met his burden and the ALJ erred, the ALJ moved on to the fifth sequential step and found other jobs available in the national economy in significant numbers that the Plaintiff could perform (Tr. 67). Thus, if the ALJ erred at all, it would be harmless error. *See, e.g.*, *Cooper v. Astrue*, 373 F. App'x 961, 962 (11th Cir. 2010) (*per curiam*) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)) (stating that an error may be

harmless when it does not prejudice a claimant); *Phillips*, 357 F.3d at 1239 (holding that, if a claimant can make an adjustment to other work, a finding of not disabled is warranted).

### C. Other Jobs

If an ALJ finds that a Plaintiff cannot perform their past relevant work because of additional limitations, the ALJ will proceed to step five of the evaluation to determine if, based on the RFC and Plaintiff's age, education, and work experience, the Plaintiff can make an adjustment to other work. *See Phillips*, 357 F.3d at 1239; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work, a finding of not disabled is warranted. *Phillips*, 357 F.3d at 1239. Conversely, if the claimant cannot make an adjustment to other work, a finding of disabled is warranted. *Id.* At this step, the burden temporarily shifts to the Commissioner to show other jobs exist in significant numbers in the national economy which, given the claimant's impairments, the claimant can perform. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (citation omitted); *see Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). "The ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Wilson*, 284 F.3d at 1227 (citation omitted).

There are two avenues by which an ALJ may determine a claimant's ability to adjust to other work in the national economy; namely, by applying the Medical Vocational Guidelines ("Grids") and by the use of a VE. *Phillips*, 357 F.3d at 1239-40. "If a claimant's qualifications correspond to the job requirements identified by a rule, the guidelines direct a conclusion as to whether work exists that the claimant can perform. If such work exists, the claimant is not considered disabled." *Heckler v. Campbell*, 461 U.S. 458, 458, 103 S. Ct. 1952, 1952–53, 76 L. Ed. 2d 66 (1983); 20 CFR § 404.1569; 20 CFR pt. 404 subpt. P, app. 2, section 200.00(b). Typically, where the claimant cannot perform a full range of work at a given level of exertion

or where the claimant has non-exertional impairments that significantly limit basic work skills, the preferred method of demonstrating the claimant can perform other jobs is through the testimony of a VE. *Jones*, 190 F.3d at 1229. Indeed, exclusive reliance on the Grids is not appropriate under either of those circumstances. *Phillips*, 357 F.3d at 1242. If the ALJ utilizes the testimony of a VE, the ALJ must pose an accurate hypothetical to the VE that considers all of the claimant's impairments. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (citation omitted). However, when the ALJ properly rejects purported impairments or limitations, the ALJ need not include those findings in the hypothetical posed to the VE. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) ("[T]he ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported").

Here, the ALJ determined the Plaintiff's ability to adjust to other work available in significant numbers in the national economy through both avenues available: by applying the Grids and through the VE's testimony (Tr. 67-68; 102). The ALJ used Grids 203.15 and 203.07 for an RFC of medium (*id.*). The ALJ noted that the Plaintiff is 59 years old, which is defined as an individual of advanced age on the alleged disability onset date; that the Plaintiff has at least a high school education and a command of English; and that transferability of job skills is immaterial to a finding of not disabled under Rules 203.15 and 203.07 (Tr. 67). Grid Rules 203.15 and 203.07 directed a finding of not disabled for the Plaintiff (Tr. 67-68). Also, the Plaintiff did not argue that the ALJ improperly applied the Grids (Doc. 16). An issue is deemed waived if a party fails to argue it on appeal. *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 (11th Cir. 1989). Further, the ALJ posed an accurate hypothetical to the VE during the administrative hearing, by including all the limitations that were supported by the Plaintiff's record as a whole (Tr. 101-102). Based on the hypothetical, the VE testified that the Plaintiff

could perform work as a hand packager, crate liner, and marker (Tr. 59). Consequently, there is substantial evidence to support the ALJ's finding that the Plaintiff can adjust to other work available in significant numbers in the national economy and that the Plaintiff is not disabled.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 3rd day of January, 2019.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record